IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| FIBERTECTION, A FOX COMPANY ) ) ) Plaintiff, ) ) v. ) ) JOHN JENSEN, BECHTEL BWXT ) IDAHO, LLC, a Delaware Limited ) Liability Company, BEN NELSON, ) d.b.a NELSON FIRE SYSTEMS, ) a Utah Company, and DOES 1 - 10, ) ) Defendants. ) _____ ) | Case No. CV-07-245-E-BLW **MEMORANDUM DECISION AND ORDER** |

## INTRODUCTION

The Court has before it Defendants Jensen and Bechtel's (collectively "Defendants") Motion to Dismiss (Docket No. 8). The Court heard oral argument on the motion on October 18, 2007. The Court then requested supplemental briefs from the parties, which the Court has received and reviewed. The Court now issues the following decision.

## BACKGROUND

In July 2004, Fibertection won a fire-protection supply contract from a mid-level contractor, Wheeler Electric, working on the Idaho National Engineering and

**Memorandum Decision and Order - Page 1**

Environmental Laboratory (INEEL) in Idaho.  The facility is managed by Bechtel BWXT, an Idaho LLC.   After losing its contract, Fibertection brought suit in Wyoming against Wheeler Electric, its upstream contractor, for breach of contract. Fibertection was held in breach of its contract with Wheeler, lost on appeal, and is now suing Bechtel, John Jensen, an alleged Bechtel employee, and its competing fire-protection subcontractor Ben Nelson, for various business torts relating to the loss of its contract.

## STANDARD OF REVIEW

A complaint should not be dismissed pursuant to Fed. R. Civ. P. 12(b)(6) unless it appears beyond doubt that the plaintiff can prove no set of facts in support of its claim which would entitle it to relief.  See *Smilecare Dental Group v. Delta Dental Plan of California, Inc.*, 88 F. 3d 780, 784 (9th Cir. 1996).  When addressing a Rule 12(b)(6) Motion to Dismiss, "[a]ll allegations of material fact are taken as true and construed in the light most favorable to the plaintiff."  *Id.* at 783-84.

## ANALYSIS

**I.     Interference Claims as to Fibertection's Relationship With Wheeler Electric (Count I).**

In its first cause of action, Fibertection alleges that Defendants interfered with its relationship with Wheeler Electric.  The Complaint advances two theories

**Memorandum Decision and Order - Page 2**

of recovery under Idaho law, each based on the same alleged facts. (Complaint, ¶ 36-40). The first theory of recovery is interference with contractual relationship. A prima facie case for interference with contractual relationship requires the following elements: (1) existence of a contract; (2) knowledge of the contract on the part of the defendant; (3) intentional interference causing a breach of the contract; and (4) injury to the plaintiff resulting from the breach. *See Barlow v. International Harvester Co.*, 522 P.2d 1102, 1114 (Idaho 1974). The second theory of recovery is interference with prospective economic advantage. A prima facie case for interference with prospective economic advantage requires the following elements: (1) existence of a valid economic expectancy; (2) knowledge of the expectancy on the part of the interferer; (3) intentional interference inducing termination of the expectancy; (4) the interference was wrongful by some measure beyond the fact of the interference itself; and (5) resulting damages to the plaintiff whose expectancy has been disrupted. *See Highland Enterprises, Inc. v. Barker*, 986 P.2d 996, 1004 (Idaho 1999).

Defendants object to Fibertection's pleading multiple theories of recovery under a single cause of action. Although not a model of clarity, the Court finds that the Complaint sets forth two statements of a claim alternatively, which is specifically permitted by Fed. R. Civ. P. 8(e)(2).

**Memorandum Decision and Order - Page 3**

Defendants also contend that the Complaint fails to state a claim upon which relief may be granted. With respect to the claim for interference with contractual relationship, Fibertection has adequately alleged the existence of a contractual relationship with Wheeler Electric (Complaint, ¶ 37), that the Defendants knew of the contract (Complaint, ¶ 38), that the Defendants prevented Fibertection from satisfactorily tendering goods to Wheeler under its contract (Complaint, ¶ 39), and that this has resulted in Fibertection suffering an economic loss. (Complaint, ¶ 40). In short, the Complaint adequately alleges each element of a claim of tortious interference with a contract as set forth by the Idaho Supreme Court. *See Barlow*, 522 P.2d at 1114.

Defendant contends, however, that neither *Barlow* nor the Restatement of Contracts permit a claim of tortious interference with a contractual relationship where it is the plaintiff, rather than a third party, who has breached the contract. The Court is not persuaded. The Idaho Supreme Court's definition of the tort does not include such a requirement. *See id.* Moreover, the Restatement (Second) of Torts, specifically excludes such a requirement:

> One who intentionally and improperly interferes with the performance of a contract (except a contract to marry) between another and a third person, by preventing the other from performing the contract or causing his performance to be more expensive or burdensome, is subject to liability to the other for the pecuniary loss resulting to him.

**Memorandum Decision and Order - Page 4**

Restatement (Second) of Torts, § 766A.  In short, neither Idaho case law nor the Restatement support the Defendant's argument.[1]

With respect to the claim for interference with prospective economic advantage, Fibertection adequately alleges the existence of a contract between it and Wheeler (Complaint, ¶ 37), that the Defendants had knowledge of the contract (Complaint, ¶ 38), that the Defendants' intentional actions resulted in a termination of the contract (Complaint, ¶ 39), and that this has resulted in Fibertection suffering some damage.  (Complaint, ¶ 40).  Defendants contend that the Complaint is deficient because it does not adequately allege that the defendant's action were wrongful beyond the fact of the interference.  However, as the Idaho Supreme Court put it, "[i]nterference can be 'wrongful' by reason of a statute or other regulation, or a recognized rule of common law, or an established standard of trade or profession."  *Idaho First Nat'l Bank v. Bliss Valley Foods, Inc.*, 121 Idaho 266, 286 (Idaho 1991).  This element is implicit in Fibertection's allegations that Defendants "disparaged" Fibertection and "interfered" with Fibertection's purchase order to Red Wing. (Complaint, ¶ 39).  Thus, the element of

---

[1] The parties discussed § 766 of the Restatement of Contracts in their briefs, but failed to cite §766A.  This latter section conclusively resolves the Defendant's contention, since it expressly provides that a Plaintiff may pursue a tortious interference claim when it is the Plaintiff who has breached the contract.   The Court expects counsel to cite all relevant authority in its submissions to the Court.

**Memorandum Decision and Order - Page 5**

"wrongfulness" has been satisfied by allegations of "an improper purpose or improper means." Highland Enters v. Barker, 133 Idaho 330 (1999).

## II. Interference Claims as to Fibertection's Relationship With Red Wing (Count II).

Defendants Bechtel and Jensen request dismissal of Fibertection's second cause of action notwithstanding their assertion that the claim is not asserted against them. Fibertection agrees that the claim is asserted only against Defendant Nelson. Accordingly, the Court need not dismiss the claim against Defendants Bechtel and Jenson because no such claim exists.

## III. Idaho Civil Conspiracy claim.

"Civil conspiracy is not, by itself, a claim for relief." McPheters v. Maile, 64 P.3d 317, 321 (Idaho 2003). The civil wrong committed as the objective of the conspiracy is the essence of a cause of action for civil conspiracy. Id. Such a claim appears to be superfluous, since it neither adds to nor subtracts from the Plaintiff's claims. However, it appears to be a recognized cause of action under Idaho law, and will be permitted if the if the underlying objective of the conspiracy is properly pled.

Fibertection alleges that Defendants violated 10 U.S.C. § 2304 and 41

**Memorandum Decision and Order - Page 6**

U.S.C. § 253 by circumventing federal procurement guidelines.² However, the applicability of 10 U.S.C. § 2304 is limited by § 2303 to the Departments of Defense, Army, Navy, Air Force, the Coast Guard, and NASA. The Complaint contains no allegations sufficient to link Defendants to any such agency. Similarly, 41 U.S.C. § 253 (CICA) is limited to contracts entered into by "executive agencies." A "protest" under that section consists of "a written objection by an interested party to a solicitation by an [sic] Federal agency for bids or proposals for a proposed contract for the procurement of property or services or a written objection by an interested party to a proposed award or the award of such a contract." 31 U.S.C. § 3551(1). An "interested party" is "an actual or prospective bidder or offeror whose economic interest would be affected by the award of the contract or by failure to award the contract." 31 U.S.C. § 3351(2).

Fibertection urges the Court to consider Bechtel an "agency" of the Department of Energy, but this cuts against the clear meaning of the statutes. The Court can conceive of no set of facts which, if proved by Fibertection, could justify

---

² Fibertection also seems to assert an underlying monopoly claim. However, Fibertection failed to reference any statutes or case law, and did not respond to Defendants' argument that a monopoly is not an underlying claim. Accordingly, the Court will dismiss the claim to the extent it relies on some sort of monopoly claim.

**Memorandum Decision and Order - Page 7**

recovery under these statutes.  Accordingly, the claim will be dismissed.[3]

## IV. Idaho Competitive Act.

As with Fibertection's second cause of action, Fibertection's fourth cause of action only names Nelson as a defendant.  Again, the Court need not dismiss the claim against Defendants Bechtel and Jenson because no such claim exists.

## ORDER

NOW THEREFORE IT IS HEREBY ORDERED that Defendants' Motion to Dismiss (Docket No. 8) shall be, and the same is hereby, GRANTED in part and DENIED in part.  The motion is denied with respect to Count I.  The motion is GRANTED, with leave to amend, with respect to the civil conspiracy claim.  Fibertection shall have 10 days from the date of this Order to file an amended Complaint if it desires to assert a proper civil conspiracy claim.



DATED: **December 5, 2007**

Honorable B. Lynn Winmill
Chief U. S. District Judge

---

[3] It is unclear from the Complaint whether Fibertection meant to somehow tie the conspiracy claim to the underlying tortious interference claims or some other tortious conduct unrelated to the federal statutes.  The Court therefore will give Fibertection leave to amend its Complaint to clarify the claim if it so desires.

**Memorandum Decision and Order - Page 8**