IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | | |
|---|---|---|
| FIBERTECTION, A FOX COMPANY | ) ) ) | Case No. CV-07-245-E-BLW |
| Plaintiff, | ) ) | |
| v. | ) ) ) | **MEMORANDUM DECISION AND ORDER** |
| JOHN JENSEN, et al. | ) ) | |
| Defendants. | ) ) | |
| _____ | ) | |

## INTRODUCTION

The Court has before it Plaintiff's Motion for Enlargement of Time to File Report of Expert Witness (Docket No. 40). Also before the Court is the parties' informal request to extend the dispositive motion deadline. For the reasons explained below, the Court will deny both requests.

## BACKGROUND

In July 2004, Fibertection won a fire-protection supply contract from a mid-level contractor, Wheeler Electric, working on the Idaho National Engineering and Environmental Laboratory (INEEL) in Idaho. The facility is managed by Bechtel BWXT, an Idaho LLC. After losing its contract, Fibertection brought suit in

**Memorandum Decision and Order -- page 1**

Wyoming against Wheeler Electric, its upstream contractor, for breach of contract. Fibertection was held in breach of its contract with Wheeler, lost on appeal, and is now suing Bechtel, John Jensen, an alleged Bechtel employee, and its competing fire-protection subcontractor Ben Nelson, for various business torts relating to the loss of its contract.  After receiving a stipulated litigation plan, the Court entered a Case Management Order in this case on December 27, 2007.

## ANALYSIS

In its Case Management Order, this Court ordered Fibertection to disclose its experts intended to be called at trial on or before June 13, 2008.  The Court also made clear that within this deadline, Fibertection must disclose an expert report as required by Rule 26(a)(2)(B) for each expert witness.  Fibertection seeks an extension of time to file the expert report of Wayne Moore.

Federal Rule of Civil Procedure 16(b)() states that the Court's schedule "may be modified only for good cause and with the judge's consent."  F.R.C.P. 16(b)(4).  Fibertection essentially contends that because of non-compliance with certain discovery deadlines by Bechtel, Fibertection is uncertain of the scope of Moore's involvement as an expert.  Fibertection argues that until it receives certain discovery responses, it is uncertain as to whether issues exist regarding the comparability of Keltron and Digitize equipment.

**Memorandum Decision and Order -- page 2**

However, the crux of Fibertection's claims against the defendants, as explained in its Complaint, are that the Keltron equipment Fibertection proposed to provide as an alternative to the Digitize equipment was an equal product. Thus, Fibertection clearly knew from the beginning of this case that it would want an expert witness to testify to allegations that Keltron equipment is equal to Digitize equipment. Thus, Fibertection's argument that it could not make such a determination until it receives all discovery responses is simply not credible. Accordingly, the Court will deny the motion.

In turn, the Court does not find a need to extend the dispositive motion deadline at this point. Accordingly, the Court will deny the informal request to extend the dispositive motion deadline, and the parties shall abide by the deadlines in the Court's Case Management Order. The Court will note that it will consider a formal motion to extend the dispositive motion deadline should the parties choose to file one. However, the Court will expect a more detailed explanation of why circumstances beyond the parties' control make it impossible for them to meet the current deadline.

## ORDER

NOW THEREFORE IT IS HEREBY ORDERED that Plaintiff's Motion for Enlargement of Time to File Report of Expert Witness (Docket No. 40) shall be,

**Memorandum Decision and Order -- page 3**

and the same is hereby, DENIED.

IT IS FURTHER ORDERED that the Court will not extend the dispositive motion deadline, as informally requested by counsel for the parties.  Dispositive motions shall be filed on or before October 1, 2008.



DATED:  **August 22, 2008**

_____
Honorable B. Lynn Winmill
Chief U. S. District Judge

**Memorandum Decision and Order -- page 4**