IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | | |
|---|---|---|
| FIBERTECTION, A FOX COMPANY, | ) ) ) | Case No. CV-07-245-E-BLW |
| Plaintiff, | ) ) ) | **MEMORANDUM DECISION AND ORDER** |
| v. | ) ) | |
| JOHN JENSEN, BECHTEL BWXT IDAHO, LLC, a Delaware Limited Liability Company, BEN NELSON, d.b.a. NELSON FIRE SYSTEMS, a Utah Company, and DOES 1 - 10, | ) ) ) ) ) ) | |
| Defendants. | ) ) | |

## INTRODUCTION

The Court has before it Defendant Nelson DBA Nelson Fire Systems' ("Nelson") Motion for Summary Judgment (Docket No. 49), Defendant Bechtel BWXT Idaho, LLC and John Jensen's ("Bechtel") Motion for Summary Judgment (Docket No. 52), and Fibertection's Motion to Allow Supplemental Affidavit of Kenneth Cohen (Docket No. 75). The Court heard oral argument on the motions on November 20, 2008, and now issues the following decision.

## BACKGROUND

At all times relevant to this case, Bechtel was the Management and

**Memorandum Decision and Order -- Page 1**

Operating contractor at the Idaho National Laboratory ("INL"), and John Jensen was an employee of Bechtel.  In early June 2004, Bechtel disseminated a Request for Proposal and Contract Specifications to approximately six contractors, including Wheeler Electric, for a proprietary supervisory monitoring system at INL.  The project involved installation of a fire detection system. The contract specifications stated that the contractor must supply specific equipment manufactured by Digitize, or "equal" equipment from another manufacturer.  Requests to use "equal" equipment were required by the contract to be submitted at the time of bid proposal.

     Bechtel awarded the contract for the project to Wheeler Electric. Wheeler Electric subcontracted out the supply of the fire detection equipment to Fibertection.  Fibertection attempted to obtain Digitize equipment from Red Wing Distributors, a Minnesota based supplier of Digitize equipment, but Digitize declined to provide the equipment to Red Wing.  In turn, Fibertection failed to supply the Digitize equipment pursuant to the terms of its supply contract with Wheeler Electric, and Wheeler Electric terminated the contract for default.

     Wheeler Electric ultimately obtained the Digitize equipment from defendant Ben Nelson, and Fibertection subsequently filed a state court breach of contract action against Wheeler Electric in Wyoming.  The Wyoming court held that

**Memorandum Decision and Order -- Page 2**

Fibertection was contractually obligated to provide Digitize equipment to Wheeler Electric, that Fibertection was not entitled to request the use of an alternative equipment after the bid proposal, and that Fibertection committed anticipatory repudiation when it refused to provide the Digitize equipment.  Fibertection then brought this action against Bechtel, Jensen, and Nelson for various business torts relating to loss of its contract.

## STANDARD OF REVIEW

One of the principal purposes of the summary judgment "is to isolate and dispose of factually unsupported claims . . . ." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323-24 (1986).  It is "not a disfavored procedural shortcut," but is instead the "principal tool[ ] by which factually insufficient claims or defenses [can] be isolated and prevented from going to trial with the attendant unwarranted consumption of public and private resources." *Id.* at 327.  "[T]he mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no genuine issue of material fact." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-48 (1986).

**Memorandum Decision and Order -- Page 3**

## ANALYSIS

### I.   Collateral Estoppel

As a preliminary matter, the Court must consider the extent to which collateral estoppel applies to prevent relitigation of issues addressed by the Wyoming courts in *Rod Fox, dba Fibertection Corp., a Fox Company v. Wheeler Electric Inc.*, Civil Action No. 13428. (Townsend Aff., Exs. A-C). "Under collateral estoppel, once a court has decided an issue of fact or law necessary to its judgment, that decision may preclude relitigation of the issue in a suit on a different cause of action involving a party to the first case." *Hydranautics v. Film Tec Corp.*, 204 F.3d 880, 885 (9th Cir. 2000) (Internal quotation and citation omitted). Collateral estoppel applies where it is established that "(1) the issue necessarily decided at the previous proceeding is identical to the one which is sought to be relitigated; (2) the first proceeding ended with a final judgment on the merits; and (3) the party against whom collateral estoppel is asserted was a party or in privity with a party at the first proceeding." *Id.* The party asserting preclusion based on collateral estoppel bears the burden of clearly showing with certainty what was determined by the prior judgment. *Id.*

Defendants contend that collateral estoppel applies to preclude at least some of Fibertection's claims in this case. There is no dispute that all three elements of

**Memorandum Decision and Order -- Page 4**

collateral estoppel are met to some degree. In fact, Fibertection agrees that collateral estoppel applies to this case as to some issues. Fibertection takes issue, however, with Defendants' contention that collateral estoppel applies to the determination of when equal proposals were due to Bechtel. Fibertection essentially suggests that there was no final judgment on the merits as to that issue because of an adverse evidentiary ruling by the Wyoming district court.

A review of the Wyoming court decisions reveals that the Wyoming courts determined that the contract between Fibertection and Wheeler Electric required that any request by Fibertection to supply equipment other than Digitize equipment be made at the time of bid proposals. (Townsend Aff., Exs. A-C). In turn, the Wyoming courts determined that Fibertection committed anticipatory repudiation of the contract when it refused to provide Digitize equipment. Id. Moreover, although Fibertection argues that collateral estoppel should not apply here because Fibertection appealed the trial court's ruling related to interpretation of the SRM manual, the Wyoming Supreme Court nevertheless concluded that the construction specifications required Fibertection to submit equal proposals at the time of the bid. (Townsend Aff., Ex. C).[1] Thus, the proceeding ended with a final decision on

---

[1] In its Motion to Allow Supplemental Affidavit of Kenneth Cohen, Fibertection asks the Court to consider the briefs filed by the parties in the Wyoming appellate process. However, even considering those briefs, the conclusion remains the same – the Wyoming Supreme Court concluded that the construction specifications required Fibertection to submit equal proposals at

**Memorandum Decision and Order -- Page 5**

the merits with respect to when equal bid proposals were due. Accordingly, the Court agrees with Defendants' contention that collateral estoppel applies to prevent relitigation of the Wyoming court's finding that Fibertection breached the contract between Fibertection and Wheeler Electric, as well as to the conclusion that equal equipment proposals had to be submitted to Bechtel at the time bid proposals were due.

## II.     Interference Claims

In each of its first two causes of action, Fibertection advances two theories of recovery under Idaho law. The first theory is interference with contractual relationship. A prima facie case for interference with contractual relationship requires the following elements: (1) existence of a contract; (2) knowledge of the contract on the part of the defendant; (3) intentional interference causing a breach of the contract; and (4) injury to the plaintiff resulting from the breach. *See Barlow v. International Harvester Co., 522 P.2d 1102, 1114 (Idaho 1974)*. The second theory advanced by Fibertection in its first two causes of action is interference with prospective economic advantage. A prima facie case for interference with prospective economic advantage requires the following elements: (1) existence of a

---

the time of the bid. Accordingly, the Court will grant the motion, but the motion does not affect the outcome of this case.

**Memorandum Decision and Order -- Page 6**

valid economic expectancy; (2) knowledge of the expectancy on the part of the interferer; (3) intentional interference inducing termination of the expectancy; (4) the interference was wrongful by some measure beyond the fact of the interference itself; and (5) resulting damages to the plaintiff whose expectancy has been disrupted. See *Highland Enterprises, Inc. v. Barker*, 986 P.2d 996, 1004 (Idaho 1999).

With respect to the interference with contractual relationship claim, the only relevant contract between any of the parties is the contract which was at issue in the Wyoming matter – the contract between Fibertection and Wheeler Electric. As discussed above, the Wyoming court concluded that Fibertection, not Wheeler or any other party or defendant, breached that contract. That decision, coupled with this Court's determination that collateral estoppel applies to prevent relitigation of the Wyoming court's conclusion on those issues, requires this Court to conclude that, to the extent Fibertection asserts that Wheeler Electric breached the contract, Fibertection has failed to present a prima facie case for interference with contractual relationship.

With respect to Fibertection's remaining allegations in its first two causes of action, the Court notes that the relevant issue is the same whether applied to the interference with contractual relationship or interference with prospective

**Memorandum Decision and Order -- Page 7**

economic advantage theory.  Specifically, element three of each theory – intentional interference causing a breach of the contract under the first theory, and intentional interference inducing termination of the expectancy under the second theory – require analysis of Defendants' actions as they relate to Fibertection's attempt to provide Wheeler Electric with proper equipment pursuant to the terms of the supply contract.

To meet its burden, Fibertection lists several areas of dispute and asserts several accusations of misconduct on the part of Defendants.  Not all of the accusations are altogether clear, but the Court's review of the briefs reveals five general arguments.  The Court will address each below:

1. Fibertection contends that Defendants influenced Digitize's decision not to sell equipment for an Idaho project to a Minnesota distributor.  However, Fibertection offers no evidence in support of this conclusory allegation.  On the other hand, Defendants offer evidence in the form of affidavits from Arnie Amir and Lynn Gustafson that Defendants did not influence or coerce Digitize's decision. (Amir Aff., Gustafson Aff., attached as Exs. L&M respectively to Townsend Aff.).

**Memorandum Decision and Order -- Page 8**

2. Fibertection asserts that Defendants disparaged Fibertection to Wheeler Electric. However, Fibertection again fails to provide any evidence supporting this conclusory allegation. Fibertection relies on internal Bechtel emails authorized by John Jensen, but offers no evidence beyond mere speculation that Jensen's opinions were conveyed to anyone outside Bechtel. Moreover, Defendants offer the affidavits of Kelly Norman and Jeff Wheeler who state that they did not disparage Fibertection to Wheeler Electric. (Norman Aff., Wheeler Aff., attached as Exs. J&K respectively to Townsend Aff.).

3. Fibertection alleges that Bechtel interfered with its contract with Wheeler Electric by not considering the use of Keltron equipment as an equal substitute. However, it is undisputed that Fibertection did not propose use of Keltron equipment at the time of the bid as required by the contract. As determined by the Wyoming courts, and applied here through collateral estoppel, timely proposals were required.

4. Fibertection next contends that Bechtel required Wheeler to provide Digitize equipment knowing that Nelson was the sole source capable of providing Digitize equipment. Again, Fibertection offers no

evidence supporting its argument. Moreover, even if Bechtel structured the specifications so as to favor a particular potential bidder, this does not support a claim that Bechtel induced a breach of Fibertection's contract with Wheeler Electric or interfered with some economic expectancy to which Fibertection was entitled. While it may be possible to perceive such conduct as an antitrust violation or a violation of federal bidding regulations, those are not the claims before the Court.[2]

5. Fibertection suggests that contacts and telephone calls between Nelson, Jensen and Wheeler contained misrepresentations on the part of Nelson. However, Fibertection offers no evidence of the substance of those conversations. Instead Fibertection asks the Court to infer that they involved misrepresentations based on the timing and extent of the calls. These are unreasonable inferences, which the Court must not adopt. *McLaughlin v. Liu*, 849 F.2d 1205, 1208 (9th Cir. 1988).

---

[2] The Court recognizes that, in its brief in opposition to the Bechtel's Motion for Summary Judgment, Fibertection does seem to suggest that, if required, it could show a violation of federal bidding requirements by showing a private right of action related to open and competitive bidding. (See Response to Bechtel's Motion for Summary Judgment, Docket No. 63, p. 19). However, like its other allegations, this claim lacks factual support. In addition, this argument appears to be an afterthought since the complaint does not allege such a theory of recovery and lacks the factual detail required to support such a claim. ." *Bell Atl. Corp. v. Twombly*, --- U.S. ----, 127 S. Ct. 1955, 1974 (2007).

**Memorandum Decision and Order -- Page 10**

The moving party bears the initial burden of demonstrating the absence of a genuine issue of material fact. *Devereaux v. Abbey,* 263 F.3d 1070, 1076 (9th Cir. 2001)(en banc). To carry this burden, the moving party need not introduce any affirmative evidence (such as affidavits or deposition excerpts) but may simply point out the absence of evidence to support the nonmoving party's case. *Fairbank v. Wunderman Cato Johnson,* 212 F.3d 528, 532 (9th Cir.2000). Here, Defendants have met their burden by showing that Fibertection breached the contract with Wheeler, and pointing out that Defendants played no role in that breach.

This shifts the burden to Fibertection to produce evidence sufficient to support a jury verdict in its favor. *Id.* at 256-57. Fibertection must go beyond the pleadings and show by "affidavits, or by the depositions, answers to interrogatories, or admissions on file" that a genuine issue of material fact exists. *Celotex,* 477 U.S. at 324. As explained above, Fibertection has failed to meet its burden by offering nothing more than speculation and unreasonable inferences. Accordingly, the Court will grant summary judgment in favor of Defendants on Fibertection's first two causes of action.

### III. Idaho Civil Conspiracy claim.

As explained by the Court in its earlier opinion, "[c]ivil conspiracy is not, by itself, a claim for relief." *McPheters v. Maile,* 64 P.3d 317, 321 (Idaho 2003). The

**Memorandum Decision and Order -- Page 11**

civil wrong committed as the objective of the conspiracy is the essence of a cause of action for civil conspiracy. *Id.* Here, Fibertection's civil conspiracy claim is premised on an alleged violation of the Code of Federal Regulations and the interference claims addressed above. To the extent the claim is premised on the interference claims, the Court will summarily dismiss the civil conspiracy claim based on the Court's decision to grant summary judgment in favor of Defendants on the underlying interference claims.

With respect to the Code of Federal Regulations, Fibertection asserts that Defendants conspired to violate 48 C.F.R. 970, *et. seq.* However, private rights of action to enforce federal law must be created by Congress. *Alexander v. Sandoval, 532 U.S. 275, 286 (2001)*. The courts must interpret statutes to determine whether or not they display an intent to create not just a private right but also a private remedy. *Id.* Here, Fibertection points to no such authority, and the Court has uncovered none. Without it, a cause of action does not exist. In the end, the only substantive accusations advanced by Fibertection in its civil conspiracy claim are those tied directly to the interference claims, which the Court has already determined have no merit. Without more, Fibertection has failed to advance a prima facie case, and the Court will grant summary judgment in favor of Defendants on the remaining theories in Fibertection's civil conspiracy claim.

### III.  Idaho Competitive Act Claim

Fibertection withdrew its claim based on the Idaho Competitive Act. Accordingly, the Court will not analyze this claim.

### ORDER

NOW THEREFORE IT IS HEREBY ORDERED that Defendant Nelson's Motion for Summary Judgment (Docket No. 49) shall be, and the same is hereby, GRANTED.

IT IS FURTHER ORDERED that Defendant Bechtel's Motion for Summary Judgment (Docket No. 52) shall be, and the same is hereby, GRANTED.

IT IS FURTHER ORDERED that Fibertection's Motion to Allow Supplemental Affidavit of Kenneth Cohen (Docket No. 75) shall be, and the same is hereby GRANTED.

The Court will enter a separate Judgment as required by Federal Rule of Civil Procedure 58.

DATED:  **December 22, 2008**

Honorable B. Lynn Winmill
Chief U. S. District Judge