IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| FIBERTECTION, A FOX COMPANY, ) | |
| ) | Case No. CV-07-245-E-BLW |
| Plaintiff, ) | |
| ) | **MEMORANDUM** |
| v. ) | **DECISION AND ORDER** |
| ) | |
| JOHN JENSEN, BECHTEL BWXT ) | |
| IDAHO, LLC, a Delaware Limited ) | |
| Liability Company, BEN NELSON, ) | |
| d.b.a. NELSON FIRE SYSTEMS, ) | |
| a Utah Company, and DOES 1-10, ) | |
| ) | |
| Defendants. ) | |
| _____) | |

# INTRODUCTION

Pending before the Court is Defendant Ben Nelson's Motion for Attorney Fees and Costs (Docket No. 83). Having reviewed the record, the pending motion, and the responses and replies thereto, the Court has determined that oral argument would not significantly assist the decisional process. Therefore the Court will address the motion without a hearing.

# BACKGROUND

Defendant Bechtel was the Management and Operating contractor at the Idaho National Laboratory at all times relevant to this matter. Defendant John

**Memorandum Decision & Order - 1**

Jensen was an employee of Bechtel who sought bids for the installation of a monitoring system at the Idaho National Laboratory that would include a fire detection system using equipment manufactured by Digitize. Wheeler Electric obtained the contract with Bechtel and subcontracted with Plaintiff Fibertection to provide the Digitize equipment. Fibertection was unable to secure equipment manufactured by Digitize. As a result, Wheeler Electric terminated its contract with Fibertection and instead got Digitize equipment from Defendant Ben Nelson.

Fibertection filed a breach of contract claim against Wheeler Electric in Wyoming. The Wyoming Court determined that any request to provide equipment other than Digitize was due at the time of bid proposals, and that Fibertection had committed anticipatory repudiation of its contract with Wheeler Electric when it failed to supply Digitize equipment as agreed. Fibertection then filed suit in this Court against Defendants Jensen, Bechtel, and Nelson for interference with contractual relationship, interference with prospective economic advantage, and civil conspiracy. This Court granted Defendants' motions for summary judgment on December 22, 2008 (Docket No. 81). Defendant Nelson now seeks attorney fees[1] (Docket No. 83).

---

[1]Nelson's request is entitled a Motion for Attorney Fees and *Costs*, however Nelson only offers legal argument in support of attorney fees. The parties' costs were addressed separately by the Clerk of the Court (Docket Nos. 92 and 93).

**Memorandum Decision & Order - 2**

## ANALYSIS

Idaho law governs the award of attorney fees in this matter because federal courts must follow state law as to attorney fees in diversity actions. *See Interform Co. v. Mitchell*, 575 F.2d 1270, 1280 (9th Cir.1978) (applying Idaho law). Defendant Nelson requests attorney fees in this matter pursuant to Idaho Code § 12-120(3), Idaho Code § 12-121, and I.R.C.P. 54(e); Plaintiff Fibertection objects (Docket No. 88).

### A.   Idaho Code § 12-120(3)

In a civil action to recover "in any commercial transaction," the prevailing party "shall be allowed a reasonable attorney's fee to be set by the court." Idaho Code § 12-120(3). A "commercial transaction" is defined as "all transactions except transactions for personal or household purposes." *Id.* Under Idaho Code § 12-120(3), an award of attorney fees is appropriate where "the commercial transaction is integral to the claim, and constitutes the basis upon which the party is attempting to recover." *Blimka v. My Web Wholesaler, LLC*, 143 Idaho 723, 728, 152 P.3d 594 (2007), *citing Brower v. E.I. DuPont De Nemours and Co.*, 117 Idaho 780, 784, 792 P.2d 345, 349 (1990).

The Idaho Supreme Court has held that Idaho Code § 12-120(3) "neither prohibits a fee award for a commercial transaction that involves tortious conduct . . . nor does it require that there be a contract." *Blimka*, 143 Idaho at 728, *citing*

**Memorandum Decision & Order - 3**

*Lettunich v. Key Bank Nat'l Ass'n*, 141 Idaho 362, 369, 109 P.3d 1104, 1111 (2005). However, the commercial transaction under Idaho Code § 12-120(3) must be between the parties. *BECO Construction Company, Inc. v. J-U-B Engineers, Inc.*, 145 Idaho 719, 726, 184 P.3d 844, 851 (2008); *Great Plains Equipment, Inc. v. Northwest Pipeline Corp.*, 136 Idaho 466, 472-73, 36 P.3d 218, 224-225 (2001).

In this case, Defendant Nelson argues that he is entitled to attorney fees because Fibertection's contract with Wheeler Electric and prospective economic advantage with Red Wing (a supplier of Digitize equipment) constituted the gravamen of Fibertection's claim, and basis on which Fibertection was attempting to recover. Nelson Memorandum in Support of Motion (Docket No. 85) at 4.  But Nelson acknowledges that he never contracted with Fibertection, and does not allege any commercial transaction directly between Nelson and Fibertection.  Unlike in *BECO*, Fibertection has not asserted a contract claim against Nelson. *BECO*, 145 Idaho at 726 (court found Idaho Code § 12-120(3) allowed attorney fees incurred by defendant defending against contract claim, only up to point when plaintiff dismissed contract claim against defendant).  Nor did Fibertection assert a contract claim against Defendants Jensen or Bechtel in this case.

Each of Fibertection's claims, for tort and civil conspiracy, were rejected by this Court, when Defendants' motion for summary judgment was granted on December

**Memorandum Decision & Order - 4**

22, 2008. (Docket No. 81). There is no dispute that Nelson was a prevailing party in this matter. Also, Nelson correctly states that there need not be a contract between parties in order for Idaho Code § 12-120(3) to apply. However, there must be some commercial transaction between Nelson and Fibertection. Although the existence of a tort claim against Nelson does not by itself defeat application of Idaho Code § 12-120(3), neither will it satisfy the requirement of a commercial transaction between Nelson and Fibertection so as to justify an award of attorney fees for Nelson. Accordingly, Nelson's claim for attorney fees under Idaho Code § 12-120(3) is denied.

### B.     Idaho Code § 12-121 and Idaho Rule of Civil Procedure 54(e)(1)

The court has authority to award reasonable attorney fees to prevailing parties under Idaho Code § 12-121. Such fees "may be awarded by the court only when it finds, from the facts presented to it, that the case was brought, pursued or defended frivolously, unreasonably or without foundation . . . ." I.R.C.P. 54(e)(1). The courts have interpreted this to require a finding that "the position of the nonprevailing party is plainly fallacious and, therefore, not fairly debatable." *Assocs., Northwest, Inc. v. Beets*, 112 Idaho 603, 605, 733 P.2d 824, 826 (Ct. App. 1987); *see also Bonapart v. Neff*, 116 Idaho 60, 64, 773 P.2d 1147, 1151 (Ct. App. 1989). In denying fees, "[a] court must determine whether the evidence adduced is sufficient, albeit disputed, to

**Memorandum Decision & Order - 5**

establish a fairly debatable issue under the legal theories advanced by the plaintiff." *Id.*

An award of attorney fees under Idaho Code § 12-121 is at the discretion of the Court, "but it must be supported by findings and those findings, in turn, must be supported by the record." *Partout v. Harper*, 145 Idaho 683, 689, 183 P.3d 771, 777 (2008), *citing Wait v. Leavell Cattle, Inc.*, 136 Idaho 792, 799, 41 P.3d 220, 227 (2001). A court's findings must be supported by "substantial" evidence in the record. *See Partout,* 145 Idaho at 689, *citing Sun Valley Shopping Ctr., Inc. v. Idaho Power Co.*, 119 Idaho 87, 92, 803 P.2d 993, 998 (1991). A conclusory finding that a plaintiff's action was brought without legal merit will not, standing by itself, support an award of fees. *Gulf Chemical Employees Federal Credit Union v. Williams*, 107 Idaho 890, 894, 693 P.2d 1092, 1096 (Ct. App. 1984) (on appeal, summary judgment for defendant was affirmed, but attorney fees denied where plaintiff's claim would have survived summary judgment had the trial court drawn inferences favorable to plaintiff).

In the instant case, this Court granted summary judgment, finding there was no genuine issue of material fact not already addressed by the Wyoming courts in Fibertection's lawsuit against Wheeler Electric. Throughout this Court's Order on Summary Judgment (Docket No. 81) is the repeated finding that Fibertection offers no evidence to support its arguments. Fibertection failed to offer any evidence to

**Memorandum Decision & Order - 6**

support a prima facie case for interference with a contractual relationship or prospective economic advantage, other than mere speculation and unreasonable inferences.

Where a party knows or should know that the defense of *res judicata* will bar its claim, further litigation is frivolous and warrants attorney fees under Idaho Code § 12-121 and I.R.C.P. 54(e)(1).  *Burns v. Baldwin*, 138 Idaho 480, 487, 65 P.3d 502, 509 (2003), *citing Cole v. Kunzler*, 115 Idaho 552, 558, 768 P.2d 815, 821 (Ct. App. 1989).  Similarly, the Court in this case applied the doctrine of *collateral estoppel* to bar relitigation of issues already resolved by the courts in Wyoming.

Specifically, this Court found that the Wyoming courts previously determined that the contract between Fibertection and Wheeler Electric required Fibertection to make a request to supply equipment other than Digitize at the time of bid proposals, and that Fibertection committed anticipatory repudiation of its contract with Wheeler Electric in refusing to provide Digitize equipment.  Fibertection's claims against defendants in this case were largely contingent on its assertion that these issues were not resolved by the Wyoming courts.  This Court finds that, like in *Burns*, Fibertection knew or should have known that the issues were already decided and could not be relitigated.  Fibertection's pursuit of claims in this Court based on previously litigated issues was frivolous.

In *Partout*, the Idaho Supreme Court affirmed the trial court's finding that the

**Memorandum Decision & Order - 7**

plaintiff only needed "to do a modicum of investigation and consideration of the facts to conclude that causes of action against [the defendant] were meritless and/or the evidence was clearly insufficient to proceed." *Partout*, 145 Idaho at 689. Here, Fibertection offered no evidence, but only speculation and inferences deemed unreasonable by this Court. On cursory investigation and consideration of the facts, Fibertection should have concluded it lacked merit or foundation to pursue causes of action in this case.

Absent any supporting evidence offered by Fibertection, this Court concludes that Fibertection's claims were plainly fallacious, and not fairly debatable. Accordingly, Nelson's request for attorney fees under Idaho Code § 12-121 and I.R.C.P. 54(e)(1) is granted.

### C.   Amount of Fees

This Court finds that the attorney fees identified in Nelson's Affidavit in Support of Motion for Attorney Fees and Costs (Docket No. 86) are reasonable. Fibertection has asserted no objection. Absent dispute as to the reasonableness of the attorney fees identified by Nelson, the requested fees are granted.

### ORDER

NOW THEREFORE IT IS HEREBY ORDERED that Plaintiff Nelson's Motion for Attorney Fees (Docket No. 83) shall be, and the same is hereby, GRANTED. Nelson is awarded attorney fees in the amount of $66,949.50.

**Memorandum Decision & Order - 8**



DATED:  **May 28, 2009**

_____
Honorable B. Lynn Winmill
Chief U. S. District Judge

**Memorandum Decision & Order - 9**